IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BATES, TYRONE FLOWERS, and QUINCY HUGHES,<br><br>            Defendants. | 8:12-CR-418<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

    This matter is before the Court on the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 125). Bates and Flowers have pleaded guilty to counts I and II of the indictment, which charged them with violations of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 924(c) and 2. Filings 34, 100, and 117. Hughes pleaded guilty to both counts of an information, which similarly charged violations of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 924(c) and 2. Filings 103 and 109. Both the indictment and information also contained forfeiture allegations seeking the forfeiture, pursuant to 21 U.S.C. § 853, of $1,500 in United States currency found in Bates' vehicle and $108 found in Bates' wallet on November 29, 2012, on the basis that these were used to facilitate the commission of the crimes charged or were derived from proceeds obtained, directly or indirectly, as a result of those offenses. Filings 34 and 103.

    The defendants have pleaded guilty to the crimes alleged and admitted the forfeiture allegations. By virtue of pleading guilty to the charges and admitting the forfeiture allegations, the defendants have forfeited their interests in the property described above, and the plaintiff is entitled to possession of the property pursuant to 21 U.S.C. § 853. Accordingly,

    IT IS ORDERED:

1. The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 125) is granted.

2. Based upon the defendants' guilty pleas and admission of the forfeiture allegations of the indictment and information, the plaintiff is authorized to seize the $1,500 and $108 in United States currency described above.

3. The defendants' interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 22nd day of May, 2014.

BY THE COURT:

_____
John M. Gerrard
United States District Judge