IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BATES,<br><br>      Defendant. | 8:12-CR-418<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report (PSR) in this case. Bates has objected to the PSR (filing 143) and moved for a downward departure and variance (filing 141).

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

  (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Bates has objected to several aspects of the PSR, and moved for a downward departure and variance. The Court begins with Bates' objections. Filing 143. Bates objects to paragraphs 32, 33, and 81 of the PSR on varying grounds. None of these objections affect his advisory sentencing Guidelines range, and the Court will resolve these objections at sentencing. Bates also asks that the PSR be amended to include corrected information regarding his family history. The Court has received and will consider the materials Bates has submitted. *See* filing 143 at 1–2; filing 144.

Bates has moved for a downward departure and variance on several grounds. Filing 141. He first argues that his Criminal History Category (III) overstates the seriousness of his criminal record, and that a downward departure under U.S.S.G. § 4A1.3 is warranted. He next argues that a downward departure or variance is warranted based upon the nature of his arrest and conviction, which was the result of a sting operation, in which an undercover agent and confidential informant worked with Bates and his codefendants to stage the armed robbery of a fictitious drug stash house. Bates claims that this amounted to "outrageous government conduct" that warrants a reduction in his sentence. *See, e.g.*, *United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999). Finally, Bates attacks the drug quantity attributed to him for sentencing purposes. This amount was based upon the purported amount of drugs that Bates was lead to believe would be stolen from the stash house. Bates argues that the quantity was inflated by government agents to ensure that he would receive a higher penalty, and that this amounted to "sentencing entrapment." *See United States v. Searcy*, 233 F.3d 1096, 1098–99 (8th Cir. 2000). He asks that the Court instead hold him responsible (for purposes of his Guidelines sentencing range) for less than 5 grams of cocaine and less than 2.5 grams of methamphetamine (the lowest amounts possible under U.S.S.G. § 2D1.1).

The Court will resolve Bates' motion for departure and variance at sentencing. However, the Court makes two observations. First, in his

- 2 -

plea agreement, Bates stipulated that he would recommend a Guidelines range based upon a drug quantity that resulted in a base offense level of 34. Filing 117 at 6. Second, as it stands, the Guidelines range for Bates' violation of 21 U.S.C. §§ 841 and 846 is 120 to 135 months.[1] And Guidelines aside, Bates must serve the mandatory minimum of 10 years set by statute. 21 U.S.C. § 841(b)(1)(A)(viii). Thus, 120 months *is* the minimum possible Guidelines sentence, and no further downward adjustments are possible. U.S.S.G. § 5G1.1(b).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of July, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[1] This includes the benefit of the 2-level downward variance based upon the proposed amendments to the drug quantity tables. PSR at 21–22.