IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BATES,<br><br>              Defendant. | 8:12-CR-418<br><br>REVISED<br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. Bates has objected to the PSR (filing 143) and moved for a downward departure and variance (filing 141). The Court issued its tentative findings on July 3, 2014. Filing 151. After further consideration, the Court issues the following, revised tentative findings.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Bates has objected to several aspects of the PSR, and moved for a downward departure and variance. The Court begins with Bates' objections. Filing 143. Bates objects to paragraphs 32, 33, and 81 of the PSR on varying grounds. None of these objections affect his advisory sentencing Guidelines range, and the Court will resolve these objections at sentencing. Bates also asks that the PSR be amended to include corrected information regarding his family history. The Court has received and will consider the materials Bates has submitted. *See* filing 143 at 1–2; filing 144.

 Bates has moved for a downward departure and variance on several grounds. Filing 141. He first argues that his Criminal History Category (III) overstates the seriousness of his criminal record, and that a downward departure under U.S.S.G. § 4A1.3 is warranted. The Court will resolve this aspect of Bates' motion at sentencing.

 Bates next argues that a downward departure or variance is warranted based upon the nature of his arrest and conviction, which was the result of a reverse sting operation, in which an undercover agent and confidential informant worked with Bates and his codefendants to plan the armed robbery of a fictitious drug stash house. Bates claims that this amounted to outrageous government conduct, and that a downward departure or variance is therefore warranted. *See, e.g.*, *United States v. Williams*, 720 F.3d 674, 685 (8th Cir. 2013). Finally, Bates attacks the drug quantity attributed to him for sentencing purposes. This amount was based upon the purported amount of drugs that Bates was led to believe would be stolen from the stash house: four pounds of methamphetamine and four kilograms of cocaine. Filing 117 at 3. Bates argues that the quantity was inflated by government agents to ensure that he would receive a higher penalty, and that this amounted to sentencing entrapment. *See United States v. Searcy*, 233 F.3d 1096, 1098–99 (8th Cir. 2000). He asks that the Court instead hold

- 2 -

him responsible (for purposes of his Guidelines sentencing range) for less than 5 grams of cocaine and less than 2.5 grams of methamphetamine (the lowest amounts possible under U.S.S.G. § 2D1.1). The Court will resolve these aspects of Bates' motion for departure and variance at sentencing. However, some further observations are in order.

In its previous tentative findings (filing 151), the Court noted that Bates' sentencing entrapment and outrageous government conduct arguments were largely academic, due to the presence of the mandatory minimum sentence of 10 years' imprisonment that applies to Bates' violation of 21 U.S.C. §§ 841 and 846. As it stands, the Guidelines range for that offense is 120 to 135 months.[1] So, the Court previously noted, 120 months was the minimum possible Guidelines sentence, and no further downward adjustments were possible. U.S.S.G. § 5G1.1(b). That is because, with two exceptions not present here—safety valve relief or a substantial assistance motion from the government—the Court lacks the authority to sentence below the *statutory* minimum. *See*, 18 U.S.C. § 3553(e) and (f); *United States v. DeCoteau*, 630 F.3d 1091, 1098 (8th Cir. 2011). Or so the Court believed. However, upon further consideration, it appears that there may be a third exception to this rule.[2] Thus, a sentence below the mandatory minimum is at least theoretically possible. To explain why, it will help to review the doctrines of sentencing entrapment and outrageous government conduct in greater detail.

Sentencing entrapment often arises in the context of drug transaction crimes. In drug cases, the drug quantity involved acts as a primary

---

[1] This includes the benefit of the 2-level downward variance based upon the proposed amendments to the drug quantity tables. PSR at 21–22. Bates also faces a mandatory consecutive term of 5 years' imprisonment for his possession of a firearm during a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(i). Bates has not raised his sentencing entrapment argument with respect to that offense.

[2] The belated nature of this realization is due in part to Bates' sentencing brief, which does not explicitly request a sentence below the statutory minimum. Instead, Bates has requested a downward departure or variance, and has requested that the Court adjust the drug quantity "for purposes of this court['s] findings for the sentencing guidelines." *See* filing 141 at 9. The contours of Bates' argument notwithstanding, the Court has an independent duty to both ascertain the correct advisory range under the Guidelines, and to determine whether the Court has the authority to impose a sentence below the mandatory minimum.

- 3 -

determinate of a defendant's sentence under the Guidelines. *United States v. Ruiz*, 446 F.3d 762, 773 (8th Cir. 2006). And, of course, mandatory minimums set by statute are also tied to drug quantity. Thus, relatively small differences in the quantity or kind of drugs involved in an offense may dramatically alter a defendant's prison term. *Id.* In a case involving the purchase or sale of drugs, sentencing entrapment occurs when official government conduct leads a defendant predisposed to deal only in small quantities of drugs to deal in larger quantities, leading to an increased sentence. *Id.* at 773–74. If a defendant establishes sentencing entrapment, the Court will exclude from the offense level determination the amount of drugs that the defendant establishes that he did not intend to provide or purchase, or was not reasonably capable of providing or purchasing. *Id.* And although the predisposition of the defendant to commit the crime represents the major focus of the analysis, the government's conduct acts as a triggering mechanism, i.e., the defendant must prove that the government induced the defendant to commit the crime. *Id.*

The Eighth Circuit has not yet considered sentencing entrapment in the context of a fictional drug stash house robbery. But the Ninth Circuit has, and has set forth the following test. In such cases, the defendant can show sentencing entrapment by demonstrating that he lacked the predisposition—either through a lack of intent or a lack of capability—to conspire with others to take by force the amount of drugs charged. *United States v. Black*, 733 F.3d 294, 311 (9th Cir. 2013). At sentencing, the Court will use this test to assess the merits of Bates' argument.

That said, the Court is having difficulty conceiving of a fake stash house scenario in which this standard—and sentencing entrapment more generally—will be satisfied. Sentencing entrapment makes sense in the context of drug sales, because a defendant can readily show, based on his history of prior dealings, that he would not be inclined to deal in the amount at issue. But in the context of fictitious stash houses, where the defendant is told, at the outset, of the quantity of drugs involved in the (fictitious) heist, the defendant either agrees to perform the heist or not. And if the defendant only agrees to the heist on the basis of government inducement, then it is *actual* entrapment that has been demonstrated, not simply sentencing entrapment.

- 4 -

> If Bates' argument has merit, the Court must determine whether it will have any practical effect on Bates' sentence, in light of the 10-year mandatory minimum. The Eighth Circuit has only considered sentencing entrapment within the context of a defendant's sentence under the Guidelines. *See, e.g.*, *Ruiz,* 446 F.3d at 773–74. In other words, the Eighth Circuit has not determined whether a finding of sentencing entrapment would allow a court to sentence below statutory minimum. But other circuits have considered this question and have responded in the affirmative. *See United States v. Biao Huang,* 687 F.3d 1197, 1203 (9th Cir. 2012); *see also, United States v. Kenney,* ___ F.3d ___, 2014 WL 2872214, at *11 (1st Cir. June 25, 2014); *United States v. Ciszkowski,* 492 F.3d 1264, 1270 (11th Cir. 2007). The First Circuit has reasoned that, just as there is no statute enacting the defenses of entrapment, duress, or necessity, federal courts have created them as "supplementary doctrines." *Kenney,* 2014 WL 2872214, at *11. These circuits hold that, upon a finding of sentencing entrapment, the district court has the authority to "subtract the amount of drugs tainted by the entrapment and use the minimum sentence, and sentencing range, that pertain to the modified drug quantity."[3] *Biao Huang,* 687 F.3d at 1203. For sake of argument, the Court will assume that the Eighth Circuit would also recognize this authority.
>
> That brings the Court to Bates' argument regarding outrageous government conduct. The defense of outrageous government conduct rests on the Due Process Clause of the Fifth Amendment. *Williams,* 720 F.3d at 685. This defense is similar to, although different from, the defense of entrapment. *Id.* Whereas the defense of entrapment focuses on the predisposition of the defendant to commit the crime, the defense of outrageous government conduct focuses on the *government's* actions. *Id.* at 686. The level of outrageousness needed to prove a due process violation is quite high, and the government's conduct must shock the conscience of the Court, and fall within a narrow band of the most intolerable government conduct. *Id.*

---

[3] Or, as the Eleventh Circuit explained regarding the related doctrine of sentencing manipulation, "[W]hen a court filters the manipulation out of the sentencing calculus before applying a sentencing provision, no mandatory minimum would arise in the first place." *Ciszkowski,* 492 F.3d at 1270.

Normally, outrageous government conduct is asserted as a complete defense and is grounds for dismissing the indictment. *See United States v. Nguyen*, 250 F.3d 643, 646 (8th Cir. 2001). Bates, however, has raised the doctrine not as a defense, but within the context of sentencing, as grounds for a downward variance or departure. The Court will assume, for the time being, that this is an appropriate use of the doctrine. On the one hand, it stands to reason that if the doctrine can be used to entirely dismiss a case, it may support the lesser remedy of a sentence reduction. On the other hand, to have separate viability in the context of *sentencing*, Bates must point to some connection between the government's alleged outrageous conduct and his sentence, not merely his conviction. The Court will further assume, for the sake of argument, that as with a claim of sentencing entrapment, a successful claim of outrageous government conduct would allow the Court to sentence below the statutory minimum. *Cf. Ciszkowski*, 492 F.3d at 1270.

One final matter bears noting. In its previous tentative findings, the Court observed that Bates had stipulated in his plea agreement that he would recommend a base offense level of 34, based upon the quantity of methamphetamine and cocaine supposed to have been in the fictitious stash house. Filing 117 at 6. The Court was implying that Bates' arguments were foreclosed, or at least undercut, by this stipulation. However, upon further examination, the Court tentatively finds that Bates' arguments regarding sentencing entrapment and outrageous government conduct are not necessarily foreclosed by his plea agreement.

First, a plea of guilty does not necessarily waive a claim of sentencing entrapment. *See United States v. Searcy*, 233 F.3d 1096, 1098 n.1 (8th Cir. 2000); s*ee also*, *United States v. Aguilar-Huerta*, 576 F.3d 365, 368 (7th Cir. 2009); *United States v. Connell*, 960 F.2d 191, 197 n.9 (1st Cir. 1992). Second, Bates' plea agreement left him the option to pursue any "additional downward adjustments, departures, . . . and sentence reductions under 18 U.S.C. § 3553." Filing 117 at 7. This left him the option to pursue a motion for departure or variance on any grounds not specifically waived in another portion of his plea agreement. So, Bates may pursue his motion for variance or departure for both sentencing entrapment and outrageous government conduct.

- 6 -

Nor are Bates' arguments inconsistent with his agreement to recommend a base offense level of 34. That recommendation is tied to the amount of drugs supposed to have been in the fictitious stash house. Bates does not dispute that that is the amount the government selected for its reverse sting operation, and the amount that he conspired to steal. Rather, his arguments seek to show that this drug quantity resulted from illegitimate government inducement or outrageous government conduct.

That said, Bates' plea agreement does significantly narrow the arguments available to him. While his plea did not waive the right to bring a *sentencing* entrapment claim, it did waive his right to raise all non-jurisdictional defects and defenses, including the defense of entrapment. *Searcy*, 233 F.3d 1098 at n1. Thus, as noted above, his claim of sentencing entrapment must do more than show he was entrapped into conspiring to commit the stash-house robbery or possess a firearm—that ship has sailed. Instead, he must show that government inducement lead, in some manner, to an increased sentence. Similarly, by pleading guilty, Bates waived his right to assert outrageous government conduct as a defense to a conviction for the crime. *See, id.*; *Peoples v. United States,* 412 F.2d 5, 7 (8th Cir. 1969). To succeed at this juncture, Bates must show that outrageous government conduct somehow resulted in an increased sentence.

In sum, the Court tentatively finds that, if meritorious, Bates' claims of sentencing entrapment and outrageous government conduct might allow the Court to sentence below the statutory minimum. The Court further finds that Bates' plea agreement presents no bar to pursuing these arguments, the merits of which will be determined at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

      submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

      Dated this 9th day of July, 2014.

                                BY THE COURT:

                                */s/ John M. Gerrard*
                                John M. Gerrard
                                United States District Judge